IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3012 |
| vs. | |
| | ORDER |
| ELIAS MENDOZA, | |
| Defendant. | |

The defendant has filed a motion to reduce his sentence on three separate grounds:

1. His state and federal sentences should have run concurrently,

2. He qualifies for a sentence reduction under U.S.S.G. Amend. 821, made retroactive by U.S.S.G. Amend. 825, and

3. Exceptional and compelling circumstances.

Filing 61. Because none of those grounds have merit, the defendant's motion will be denied.

To begin with, the defendant has raised his argument about his state and federal sentences before. *See* filing 51. The Court rejected those arguments then, *see* filing 52, and does so again for the same reasons.

Next, the defendant doesn't qualify for an Amendment 821 reduction. Although the defendant received two "status points" pursuant to U.S.S.G. § 4A1.1(d), *see* filing 46 at 17, reducing his criminal history score from 12 to 10 would still result in a criminal history category of V, leaving his guidelines sentencing range unchanged. U.S.S.G. Ch. 5, Pt. A.

Finally, the defendant asks for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits the Court to modify a term of

imprisonment if the defendant shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent applicable, and reducing the sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A).

The defendant's request relies on allegedly harsh and unsafe prison conditions. *See* filing 61 at 2-3. But while the defendant describes disease outbreaks in his facility, he doesn't allege the kind of increase and unmitigable personal risk factors necessary to satisfy § 1B1.13(b)(1)(D). And the Court is not persuaded that the prison conditions the defendant describes are "extraordinary and compelling"—while regrettable, they are hardly unusual. Instead, any complaint about prison conditions should be pursued under 28 U.S.C. § 2241 or 42 U.S.C. § 1983, not § 3582(c)(1)(A). *Cf.* 18 U.S.C. § 3626 (establishing procedures and standards for prisoner release orders based on prison conditions).

IT IS ORDERED that the defendant's motion to reduce sentence (filing 61) is denied.

Dated this 9th day of December, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 2 -